IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOUGLAS GUTHRIE, | No. CIV S-09-2130-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D.K. SISTO, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision by the California Board of Prison Hearings (Board) that he is unsuitable for parole. Pending before the court is Respondents' motion to dismiss the petition on the grounds that the petition is untimely and unexhausted (Doc. 10). Petitioner filed an opposition to the motion (Doc. 11).

**I.     BACKGROUND**

Petitioner was convicted in the Siskiyou County Superior Court of second degree murder in 1984, and was sentenced to 15 years to life, plus two for the use of a firearm. (Pet., Doc. 1, at 1). A subsequent parole consideration hearing for petitioner was held on November 17, 2006. At that hearing, the Board of Parole Hearings determined petitioner was not suitable

for parole, and denied parole for three years.  (See Pet., Ex. A).  The Board's decision was rendered at the time of the hearing on November 17, 2006, but states it was not final until March 17, 2007.  (Id.)  Petitioner filed a habeas petition with the Siskiyou County Superior Court on April 16, 2007, which was denied on April 1, 2008.  Apparently due to the delay in obtaining a ruling on his petition filed with the Siskiyou County Court, Petitioner filed his petition with the California Court of Appeal on November 14, 2007, which was summarily denied on April 3, 2008.  His final state petition was filed with the California Supreme Court on April 24, 2008, which was denied on September 17, 2008, with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995).  Petitioner filed the instant action on August 3, 2009.

## II.  MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

### A. STATUTE OF LIMITATIONS

Respondent brings this motion to dismiss Petitioner's federal habeas corpus petition as filed beyond the one-year statute of limitations, pursuant 28 U.S.C. § 2244(d).

Respondent argues the statute of limitations began running following the Board's November 18, 2006, decision, which expired well before the petition was filed in this case on August 3, 2009.

Petitioner argues the Board's decision was not final until March 17, 2007, and the statute of limitations did not start to run until then.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  See Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).  In this case, the petition was filed on May 29, 2008, and therefore, it is subject to the provisions of AEDPA.  AEDPA imposes a one-year statute of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2254(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

///

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), that is, the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. See Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004), Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). In habeas proceedings challenging an administrative decision, courts within the Ninth Circuit, relying on the opinions in Shelby and Redd, have determined that discovery of the factual predicate cannot occur until the administrative decision is final. See Shelby, 391 F.3d at 1065-66; Redd, 343 F.3d at 1084-85; Tafoya v. Subia, 2:07cv2389, 2010 WL 668920 *2-3 (E.D. Cal. Feb. 23, 2010); Webb v. Curry, 2010 WL 235073 (N.D. Cal. Jan. 21, 2010); Van Houten v. Davidson, 2009 WL 811596 (C.D. Cal. March 26, 2009); Wilson v. Sisto, 2008 WL 4218487 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, 2008 WL 2509509 (E.D. Cal. June 23, 2009)); see also Cal. Code Regs., tit. 15, § 2041(h), Cal. Penal Code § 3041(b) (Board decisions are final 120 days after the hearing).

Here, Petitioner is challenging his 2006 denial of parole. Respondent argues that the Board's decision denying Petitioner parole was rendered on November 17, 2006, and the factual predicate of Petitioner's claims were known to him as of that day. Respondent alleges Petitioner filed his first state petition challenging that decision on April 5, 2007. Respondent then concedes the statute of limitations was tolled while Petitioner challenged the parole decision in state court, until September 17, 2008, the date the California Supreme Court denied his habeas petition. Providing Petitioner the benefit of the mailbox rule, Respondent alleges Petitioner's federal habeas petition was filed in this court on July 20, 2009.[1] Using those dates, Respondent

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for mailing to the court. The so-called "prison mailbox rule" has been extended to apply to other legal documents submitted to the court by prisoners. See e.g. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition); see also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (discussing rule in context of "prisoner who delivers a document to prison authorities"); Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002) (stating rule in terms of any "legal document" submitted by a pro se prisoner).

argues Petitioner used 138 days of the limitations period from the date of the parole suitability hearing until he filed his first state court challenge. Following the California Supreme Court's denial of his habeas petition, Petitioner then had 227 days, or until May 3, 2009, to file a timely federal habeas petition. However, as Petitioner's federal habeas petition was not filed until July 2009, it is untimely and should be dismissed.

Petitioner argues the Board's decision was not final until March 17, 2007, and the statute of limitations did not start to run until that date. His state challenge was filed on April 16, 2007, and his final state challenge was denied on September 17, 2008. Therefore, when he filed his state habeas petition he had used less than 60 days of the limitations period.

As stated above, federal habeas courts within the Ninth Circuit have determined that discovery of the factual predicate cannot occur until the administrative decision is final. Therefore, the statute of limitations period does not start to run until a parole denial is "final." In this case, the statue of limitations began on March 18, 2007, the day after the Board's decision became final. As Respondent concedes, Petitioner filed his state habeas petition on April 5, 2007, and the limitations period was tolled until the California Supreme Court's denial on September 17, 2008. Petitioner then filed his federal habeas petition on July 30, 2009, prior to the expiration of the statute of limitations. Petitioner's federal habeas petition was therefore timely, and the motion to dismiss should be denied on this ground.

B.   EXHAUSTION

Respondent also argues the claims raised in Petitioner's federal habeas petition are unexhausted as his state habeas petition was procedurally deficient.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the

1  claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal
2  court no state remedies are available to the petitioner and the petitioner has not deliberately
3  by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations
4  omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to
5  give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard
6  v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

7       Regardless of whether the claim was raised on direct appeal or in a post-
8  conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the
9  state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion
10 doctrine requires only the presentation of each federal claim to the highest state court, the claims
11 must be presented in a posture that is acceptable under state procedural rules.  See Sweet v.
12 Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is
13 denied by the state courts on procedural grounds, where other state remedies are still available,
14 does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488
15 (1979); Sweet, 640 F.2d at 237-89.[2]

16       In addition to presenting the claim to the state court in a procedurally acceptable
17 manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the
18 state court by including reference to a specific federal constitutional guarantee.  See Gray v.
19 Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th
20 Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is
21 self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d
22 904 (9th Cir. 2001).

23       In the instant case, the California Supreme Court summarily denied petitioner's

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

habeas corpus petition with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995). Duvall outlines the various procedural requirements for a state habeas petition. See 9 Cal.4th at 474. Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal. 4th at 474. A failure to comply with this requirement is a pleading defect subject to cure by amendment.

Here, Respondent has provided the court a copy of the petition Petitioner filed in the California Supreme Court. Petitioner does not argue the petition provided is incomplete. Reviewing the petition, it appears that instead of filing the entire transcript from his parole hearing, Petitioner chose to file only the hearing decision portion of the transcript. The California Supreme Court apparently found this deficient. However, such a finding would not preclude Petitioner from re-filing his petition in the California Supreme Court along with the entire hearing transcript and any additional information or documents that would have permitted that court to make a decision on the merits, thereby exhausting Petitioner's claims. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). Petitioner failed to do so.

Petitioner attaches to his opposition a copy of a letter he sent to the California Supreme Court in September 2008, following the Court's denial of his petition. In that letter, he explained to the Court that he believed he provided all the evidence necessary, and that he "failed to realize that the Court would need the complete transcripts to make the reasoned opinion." (Opp., Doc. 11 at 15). He requested to be allowed to refile his petition. He also provides the Court's response thereto, wherein the Court stated the September 17, 2008, decision was final and was not reviewable. The Court stated that the petition, "and the contentions made therein," were considered by the court, "and the denial expresses the court's decision in this matter." He argues that this shows the Court did consider the merits of his petition, and his federal petition is

therefore exhausted.

The undersigned does not find this argument persuasive.  Petitioner's request to the California Supreme Court that he be allowed to refile his petition is not the same as filing an amended petition which included all of the necessary documents.  The Court's letter to Petitioner, indicating the Court's decision was final and "may not be reconsidered or reinstated," is not the same as the Court informing Petitioner the petition was considered on the merits or that he was unable to file an amended petition to cure the defects identified by the Court's denial.

Accordingly, the undersigned concludes that Petitioner did not properly exhaust his claim in the California Supreme Court, and thus his petition is unexhausted and must be dismissed.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 3, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE